```
                 UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF INDIANA
                      HAMMOND DIVISION


SIDNEY FRANKLIN, SR.,          )
                               )
            Plaintiff          )
                               )
       v.                      )   Case No. 2:04 cv 246
                               )
UNITED STATES STEEL CORPORATION)
and UNITED STEELWORKERS OF     )
AMERICA,                       )
                               )
            Defendant          )
```

<u>OPINION AND ORDER</u>

This matter is before the court on the Motion for Sanctions filed by the defendant, United States Steel Corporation, on May 26, 2005.  For the reasons set forth below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

<u>Background</u>

This dispute arises from a race discrimination and retaliation suit brought by the plaintiff, Sidney Franklin, against his employer, United States Steel.  By agreement of the parties, Franklin's deposition was scheduled for Tuesday, May 24, 2005 at 9:00 A.M.  In compliance with Local Rule 30.1, USS timely noticed Franklin's deposition by serving plaintiff's counsel on May 10, 2005.  Plaintiff's counsel, Janice Gambill, scheduled the deposition of retired USS manager Steve Kapalko for the preceding day, May 23, 2005, at 9:00 A.M.  On Sunday, May 22, 2005, lead counsel for USS, Mary Beth Taylor, flew from Pennsylvania to Indiana in order to attend Kapalko's deposition and to take Franklin's deposition, with plans to return on Wednesday, May 25, 2005.

Kapalko's deposition occurred as scheduled on Monday and lasted approximately half an hour.  However, Gambill's assistant called Taylor's office in Pennsylvania later Monday afternoon to inform Taylor that Franklin would not appear for his deposition because he would not take time from work.  Because Taylor did not receive the message, she and a court reporter appeared at the office of local counsel for USS on Tuesday, at which point she learned that Franklin would not appear that day.  Had she known that Franklin's deposition would not proceed, Taylor avers that she would have requested local counsel to attend Kapalko's deposition thereby saving the time and expense associated with her trip to Indiana.

<u>Discussion</u>

Due to Franklin's failure to appear at his deposition, USS seeks dismissal of this suit with prejudice pursuant to Federal Rule of Civil Procedure 37(b)(2)(B), as well as reimbursement for all costs associated with the failed deposition including Taylor's travel expenses.  In response, Gambill states that Franklin "was sent notice of said deposition via first class mail and was also left a message via voicemail on May 22, 2005."  (Pl. Resp. $\partial$ 2) Gambill further states that Franklin notified her on May 23, 2005, of his unavailability at which point she attempted to contact Taylor at her office.

Although the plaintiff's conduct warrants a reprimand, dismissal is not appropriate at this time.  According to USS, Gambill's statement regarding notice to Franklin fails to state

2

the day on which notice was mailed.  This statement also may mean
that Gambill did not mail notice to Franklin until May 22, 2005.
The court **WARNS** Gambill that two days is insufficient notice to
provide a deponent.  However, given that this case is relatively
new and no other discovery disputes have occurred, it would be
unduly harsh to punish the plaintiff with dismissal for what may
have been a lack of communication from his attorney.

Nevertheless, USS should not bear the full costs associated
with the plaintiff's failure to appear at a duly noticed deposi-
tion.  Not only did Gambill provide less than 24 hours notice
that Franklin would not appear but her office attempted to con-
tact Taylor in Pennsylvania, when Taylor had attended Kapalko's
deposition in Indiana with Gambill that same morning.  In light
of these circumstances, USS is entitled to greater reimbursement
than merely court reporter fees.

Because Taylor was able to attend the Monday deposition
while in Indiana, the court will not award reimbursement of her
airfare or lodging accommodations for Sunday night.  However, the
court finds that reimbursement is appropriate for lodging on the
two additional nights Taylor stayed in Indiana, the time Taylor
waited for Franklin to appear for his deposition, and any court
reporter fees associated with the failed deposition.

Finally, the discovery deadline in this case was May 31,
2005.  Franklin has not asked for any further extensions, and USS
seeks an extension solely for the purpose of taking Franklin's

deposition.  The court finds such an extension to be necessary and reasonable.

_____

For the foregoing reasons, the Motion for Sanctions filed by the defendant, United States Steel Corporation on May 26, 2005 is **GRANTED IN PART** and **DENIED IN PART**.  The defendant is **ORDERED** to file an affidavit of costs consistent with this Order by July 8, 2005.  The discovery deadline is hereby **EXTENDED** to August 31, 2005, for the sole purpose of taking the plaintiff's deposition. All other deadlines set by this court on October 1, 2004 are **VACATED**.  This matter is set for a telephonic status conference on **Friday, July 22, 2005, at 1:00 P.M.**  The court shall initiate the conference call.

ENTERED this 28th day of June, 2005


                        s/ ANDREW P. RODOVICH
                        United States Magistrate Judge

4