UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

SIDNEY FRANKLIN, SR.,            )
                                 )
            Plaintiff            )
                                 )
        v.                       )   Case No. 2:04 cv 246
                                 )
UNITED STATES STEEL CORPORATION)
and UNITED STEELWORKERS OF       )
AMERICA,                         )
                                 )
            Defendant            )

OPINION AND ORDER

This matter is before the court on the Motion for Summary
Judgment filed by the defendant, United States Steelworkers of
America ("USW"), on October 26, 2005, and the Motion for Summary
Judgment filed by the defendant, United States Steel Company
("USS"), on January 3, 2006.  For the reasons set forth below,
these motions are **GRANTED**.

Background

During his employment with USS, the plaintiff, Sidney
Franklin, was a member of the USW Local 1014.  The Basic Labor
Agreement ("BLA") between the USW and USS provided that USS may
require a drug screen as part of a physical examination for
employees recalled from layoff after an absence from work in
excess of 90 days.  The BLA further provided that employees who
tested positive for drugs were offered an opportunity for reha-
bilitation pursuant to a Last Chance Agreement ("LCA"), rather
than termination.

On November 4, 2001, Franklin was laid off from work.  On March 19, 2002, Franklin was recalled to work and directed to take a drug test because his layoff was for more than 90 days. He refused to take the drug test and was issued a five-day suspension.  Because Franklin did not request a due process hearing under the BLA, the suspension was converted into a discharge, effective March 24, 2002.  Franklin subsequently made a general claim to the Union that the discharge was "in violation of" the LBA, and the Union filed a grievance on his behalf.

On June 20, 2002, Franklin, USS, and the Union negotiated a LCA that required in part that Franklin submit to periodic drug tests and to report immediately if he had been prescribed a drug or used an over-the-counter medication prior to the administration of a test.  Failure to comply with the LCA would result in suspension subject to discharge.

Immediately upon signing the LCA, Franklin submitted to a urine test that was positive for drugs. Subsequent daily testing also was positive until October 1, 2002, when a hair test was positive but a urine test finally was negative. Based on the urine test, Franklin was cleared for work.  Random drug tests after October 2002 showed an ongoing decrease in traces of cocaine and marijuana in Franklin's hair and consistently showed no drugs in Franklin's urine.  However, on June 27, 2003, a hair test showed an increase in cocaine.  Franklin had not informed the testing personnel that he had taken any medications prior to the test.

On July 2, 2003, USS suspended Franklin subject to discharge for violating the LCA.  Franklin then revealed that he had dental problems which required a filling prior to the June 27, 2002 test.  Franklin had been prescribed amoxicillin and hydrocone, which he had stopped taking two weeks prior to the June test, and septocaine had been used as a local anesthesia for the filling. However, Franklin's dentists refused to provide a statement that these medications could result in a positive drug test. On July 15, 2003, Franklin attended a grievance meeting during which he presented information regarding false positive drug tests done with hair, but no evidence that the drugs he was prescribed could create a false positive.  After the hearing, his suspension was converted into a discharge effective July 16, 2003.

On November 6, 2003, Franklin filed a charge of discrimination with the EEOC claiming that USS discriminated against him in the drug screening process by not considering evidence in support of his position and by removing a large quantity of his hair in contravention to standard practices.  He also claimed Local 1014 refused to represent him in arbitration. He did not include USW in the charge.

On March 24, 2004, the EEOC mailed its Dismissal and Notice of Rights letter to Franklin.  USS received its copy of this letter on March 26, 2004.  On June 25, 2004, Franklin filed suit claiming race discrimination by USS under Title VII and 42 U.S.C. §1981, failure to represent by USW, and retaliation by USS.

Discussion

The plaintiff has not responded to the pending motions for summary judgment, subjecting them to summary ruling pursuant to Local Rule 7.1(a). Federal Rule of Civil Procedure 56(e) states that "[w]hen a motion for summary judgment is made . . . an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading." The Rule further states that summary judgment, if appropriate, shall be entered against a party who fails to respond. Summary Judgment is appropriate if the nonmovant does not respond and the "motion demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as matter of law." ***Johnson v. Gudmundsson***, 35 F.3d 1104, 1112 (7th Cir. 1994).  In this case, Franklin has not raised any genuine issues of material fact in response to summary judgment, and the law supports judgment in favor of the defendants.

Franklin has not presented any evidence that he filed his complaint within the statute of limitations for suit under Title VII, and so summary judgment must be granted on the Title VII race discrimination claim, as well as his retaliation claim.[1]  A plaintiff has 90 days within which to file a suit for race discrimination after receiving a right-to-sue letter.  *See **Dandy v. United Parcel Service, Inc***., 388 F.3d 263, 270 (7th Cir. 2004).  USS received its copy of this letter on March 26, 2004,

---

[1] Section 1981 "does not include a prohibition against retaliation for opposing race discrimination." ***Hart v. Transit Management of Racine, Inc***., 426 F.3d 863, 866 (7th Cir. 2005).

4

rendering the expiration of the statute of limitations on June 24, 2004.  Because Franklin has not provided any evidence that he received the letter on a date different than USS, the court finds that the complaint was untimely when Franklin filed it on June 25, 2004.

The plaintiff's §1981 claim also fails.  As in Title VII, a §1981 plaintiff can prove discrimination by direct evidence of discriminatory intent, or where no direct evidence exists, by using the indirect-burden shifting method established in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 802-805, 93 S.Ct. 1817, 1824-1825, 36 L.Ed.2d 668 (1973), and refined in *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 1092, 67 L.Ed.2d 207 (1981); *Williams v. Waste Management of Illinois, Inc.*, 361 F.3d 1021, 1034 (7th Cir. 2004); *Dandy*, 388 F.3d at 272.  The plaintiff has not presented any direct evidence, and so only the indirect method of proof is relevant to this case.

However, the plaintiff has failed to establish a *prima facie* case under *McDonnell Douglas*.  Under the indirect method, the plaintiff has the initial burden of showing that: 1) he belongs to a protected group; 2) he was performing to the employer's legitimate expectations; 3) he suffered an adverse employment decision; and 4) the employer treated similarly situated employees who are not in the protected group more favorably.  *Davis v. Con-Way Transportation Central Express, Inc.*, 368 F.3d 776, 788 (7th Cir. 2004); *Wells v. Unisource Worldwide, Inc.*, 289 F.3d

5

1001, 1006 (7th Cir. 2002).   The plaintiff has not produced any evidence that he was meeting USS' legitimate expectations. Rather, the only evidence of record is that a drug test showed elevated levels of cocaine in contravention of a Last Chance Agreement, that he did not timely notify USS that he had taken prescribed medications, and that he failed to produce a letter from his dentists showing that the drugs he had been prescribed could result in a positive drug test.   Similarly, the plaintiff has not produced any evidence of similarly situated employees who were treated more favorably, let alone that those individuals were outside the protected class.   For these reasons, the §1981 claim fails.

Franklin's Title VII claim against USW is without merit. The EEOC charge only mentioned Local 1014, but Franklin has sued USW here.   The plaintiff's failure to name a party as a respon-dent to an EEOC charge bars a subsequent suit against that party. *See **LeBeau v. Libby Owens Ford Company***, 484 F.2d 789, 789-90 (7th Cir. 1973).   Although USW also has briefed the case under §1981 as a precautionary matter, the complaint only seeks §1981 relief from USS and does not evoke §301 of the Labor Management Rela-tions Act ("LMRA") or any other statute in support of the fair representation claim.   Therefore, the court finds that Franklin has not asserted a claim under §1981, or any other statute, against USW.

_____

For the foregoing reasons, the Motion for Summary Judgment filed by the defendant, United States Steelworkers of America ("USW"), on October 26, 2005 is **GRANTED,** and the Motion for Summary Judgment filed by the defendant, United States Steel Company ("USS"), on January 3, 2006 is **GRANTED.**

ENTERED this 7th day of April, 2006


                              s/ ANDREW P. RODOVICH
                                 United States Magistrate Judge